NO. 07-02-0405-CR
NO. 07-02-0406-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 10, 2002

_____

TIMOTHY LEE PHILLIPS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NOS. 39,608-B & 39,434-B; HONORABLE JOHN BOARD, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

**ABATEMENT AND REMAND**

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Following orders of the trial court adjudicating him guilty of aggravated assault with a deadly weapon in cause number 39,608-B and burglary of a building in cause number 39,434-B, appellant Timothy Lee Phillips, Jr. filed *pro se* notices of appeal. Both the trial court clerk and court reporter filed and were granted extensions of time in which to file their records due to nonpayment. Considering appellant's incarceration and *pro se* status, we now abate the appeal and remand the cause to the trial court for further proceedings.

Upon remand the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute these appeals; and
2. whether appellant is indigent and entitled to appointed counsel and preparation of a clerk's record and a reporter's record.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant does want to continue these appeals and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included

in the appellate record.  Finally, the trial court shall file the supplemental records with the Clerk of this Court by Monday, February 10, 2003.

It is so ordered.

Per Curiam

Do not publish.